UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BILLIE ASHLEY,

      Plaintiff,                                        Civil No. 06-063-HU

      v.                                           ORDER

STEVEN SUTTON, et al.,

      Defendants.

_____


HAGGERTY, Chief Judge:

      Magistrate Judge Hubel has issued a Findings and Recommendation [46] in this action.

It recommends that plaintiff's Motion for Partial Summary Judgment [17] be denied, and

defendants' Motion for Summary Judgment [21] be granted in part and denied in part.

Both parties filed objections to the Findings and Recommendation and the case was referred to this court. When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The parties' objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances regarding this litigation, and this analysis need not be repeated here. This court concludes that the Findings and Recommendation is sound, correct, and entitled to adoption.

## ANALYSIS

Plaintiff's objections are addressed first. Plaintiff accepts the Findings and Recommendation except in one regard: the conclusion that the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars plaintiff's wrongful seizure claim.

The Findings and Recommendation reasoned:

> under *Heck*, the plaintiff must show that her conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus.
>
> \*   \*   \*
>
> But absent any evidence that her convictions have, as of now, been reversed or expunged, she cannot assert a §1983 claim based on wrongful seizure because it would necessarily call into question her conviction for resisting arrest. I conclude that [plaintiff's] wrongful seizure claim is barred by *Heck*.

Findings and Recommendation at 37-38.

Plaintiff argues that the Findings and Recommendation erred because the unavailability of habeas relief permits a civil rights action under 42 U.S.C. §1983 to proceed despite the reasoning of *Heck*.  It is true that there is some authority endorsing the idea that the unavailability of habeas relief permits a § 1983 action, "regardless of whether the success of the action would necessarily imply the invalidity of the conviction or sentence."  *Huftile v. Miccio-Fonseca*, 410 F. 3d 1136, 1141 (9th Cir. 2005) (citing *Spencer v. Kemna*, 523 U.S. 1 (1998); *see also Muhammad v. Close*, 540 U.S. 749, 752 n. 2 (2004); *Nonnette v. Small*, 316 F.3d 872, 875-77 (9th Cir. 2002) (in certain limited cases, *Heck* does not bar a § 1983 claim if habeas relief is unavailable).

It is also true that much of *Heck*'s analysis – and the analysis of some of its progeny – pertains to "the intersection of the two most fertile sources of federal-court prisoner litigation – the basic federal civil rights statute, 42 U.S.C. § 1983, and the federal habeas corpus statute for state prisoners."  *Huftile*, 410 F.3d at 1139 (internal quotation and citations omitted).

However, the Findings and Recommendation relied upon another aspect of *Heck*'s scope. The Findings and Recommendation quoted the Supreme Court's reasoning that a § 1983 action "would not lie" in a situation in which a "state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest" because "to prevail in this § 1983 action, [the state defendant] would have to negate an element of the offense of which [the defendant] has been convicted."  Findings and Recommendation at 36 (quoting *Heck*, 512 U.S. at 487 n.6).

The Supreme Court addressed this hypothetical situation in its explicit holding that:

in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87 (footnote omitted).

That hypothetical situation has arisen in the facts of this case.  The existence of a line of decisions examining *Heck*'s applicability in certain cases in which habeas relief was unavailable fails to negate the Findings and Recommendation's correct reasoning that *Heck* also addressed the precise, and independent, situation presented here: a state defendant who has been convicted of and sentenced for a crime similar to intentionally preventing a peace officer from effecting a lawful arrest.  The explicit indication from the *Heck* court is that the state defendant cannot prevail in a § 1983 action because the state defendant would have to negate an element of the offense of which the defendant has been convicted.  *Heck*, 512 U.S. at 487 n.6.  The Supreme Court made no exception in these circumstances for instances in which that state defendant was not incarcerated or otherwise had no involvement with habeas relief.  Plaintiff's objections are overruled.

Defendants also object to the Findings and Recommendation.  Defendants challenge the conclusions that their motion for summary judgment on plaintiff's claims for excessive force and

4        - ORDER

battery claims, and on the qualified immunity defense, should be denied.  Specifically, defendants contend that the Findings and Recommendation erred in (1) ignoring authorities that suggest that determining the reasonableness of police detentions requires a balancing of interests; (2) ignoring that plaintiff's arresting officer had a right to question plaintiff and to give her a lawful order to stop so he could conduct his investigation; (3) denying summary judgment on the question of excessive force; (4) denying summary judgment to defendant Gallaher under a "ratification theory;" and (5) denying summary judgment to Officer Sutton on plaintiff's battery claim.

These objections reiterate argument and analysis already presented to the Magistrate Judge.  The reasoning in the Findings and Recommendation addresses these issues fully, and this court's adoption of the Findings and Recommendation need only summarize that reasoning.

1.    <u>Determining reasonableness of witness detentions requires a balancing of interests</u>

Defendants assert that the Findings and Recommendation ignored certain judicial decisions and their teachings that balancing factors should be considered in determining the reasonableness of a police detention. Defts.' Objections at 1.  To the contrary, the Findings and Recommendation provided a careful analysis of the applicable law regarding police detentions. Findings and Recommendation at 17-26.  Defendants complain, essentially, that the balancing factors that they rely upon should have compelled a favorable summary judgment ruling. Instead, the Findings and Recommendation concluded correctly that summary judgment was inappropriate in light of the circumstances presented.  Defendants' objections underscore the

existence of material issues of fact and are more properly viewed as factual argument going to the weight of the evidence presented.

2.    <u>Oregon law regarding plaintiff's detention and seizure</u>

Defendants also contend that the Findings and Recommendation erred because the plaintiff's actions should be construed as "taking flight" – "turning and fleeing into the crowded gymnasium area and ignoring [an officer's] command to stop."  Defts.' Objections at 7. Defendants' interpretation of the facts regarding plaintiff's arrest fail to establish that defendants are entitled to judgment as a matter of law on the questions defendants raise.  The Findings and Recommendation analyzed the arguments presented correctly.

3.    <u>There is a jury question on the question of excessive force</u>

Next, defendants assert that the Findings and Recommendation erred in concluding that a jury question exists regarding allegations of excessive force.  The Findings and Recommendation reasoned correctly that "[d]etermining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  Findings and Recommendation at 26-27 (citation omitted).  The Findings and Recommendation concluded that"[f]actual issues preclude summary judgment in Sutton's favor on the excessive force claim."  Findings and Recommendation at 28.

Defendants' objections address the law and fact-intensive nature regarding excessive force claims at some length.  Defts.' Objections at 12-16.  The discussion presented by defendants underscores the necessity of determining the reasonableness of a police officer's

actions when evaluating such claims. *Id*. The Findings and Recommendation's analysis in this regard is sound.

At best, defendants' objections appear to renew their qualified immunity challenge. The Findings and Recommendation correctly noted that "the inquiry as to whether officers are entitled to qualified immunity for the use of excessive force is distinct from the inquiry on the merits of the excessive force claim." Findings and Recommendation at 31. Although the Findings and Recommendation reviewed the law regarding qualified immunity thoroughly, a brief summary is appropriate.

"Under the Fourth Amendment, officers may only use such force as is 'objectively reasonable' under the circumstances." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

The Supreme Court has established a two-part analysis for determining whether qualified immunity is appropriate in a suit against an officer for an alleged violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Under *Saucier*, there is a two-pronged test: courts "must examine first whether the [officers] violated [the plaintiff's] constitutional rights on the facts alleged and, second, if there was a violation, whether the constitutional rights were clearly established." *Desyllas v. Bernstine*, 351 F.3d 934, 939 (9th Cir. 2003) (citing *Saucier*, 533 U.S. at 201).

Determining the  reasonableness of a use of force requires a factfinder to balance the nature and quality of the intrusion upon an individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Boyd v. Benton County*, 374 F.3d 773, 778-79 (9th Cir. 2004) (citations and internal quotations omitted). The balancing that is required is

judged from the perspective of a reasonable officer on the scene, rather than with hindsight, and

such balancing means that summary judgment in excessive force cases should be granted

sparingly.  *Id*. at 779 (citations and internal quotations omitted).

     Defendants' objection that the first prong of the *Saucier* test should be resolved in favor

of defendants – that no constitutional right enjoyed by plaintiff was violated – is overruled.  The

Findings and Recommendation concluded correctly that "[i]f the facts are viewed in the light

most favorable to plaintiff, Sutton's conduct violated a clearly established constitutional right."

Findings and Recommendation at 31-32.

     Defendants also contend that *Saucier's* second prong should be construed as favoring

defendants:

> Even if the court found that plaintiff had alleged a violation of a
> clearly established right, Officer Sutton would still be entitled to
> qualified immunity [regarding the excessive force claim] if he
> could . . . have reasonably but mistakenly believed that his . . .
> conduct did not violate a clearly established constitutional right.
> Plaintiff has not shown how any reasonable officer could not
> believe Officer Sutton's use of force was constitutional.

Defts.' Objections at 15-16 (citation and internal quotation omitted).

     As to this second inquiry, the Supreme Court has held that "[i]f the law did not put the

officer on notice that his [or her] conduct would be clearly unlawful, summary judgment based

on qualified immunity is appropriate."  *Saucier*, 533 U.S. at 202.  The Findings and

Recommendation acknowledged correctly that, after accepting plaintiff's factual assertions,

issues of material fact exist as to whether "a reasonable officer could have believed, in light of

the settled law, that his use of force on plaintiff did not violate her constitutional right to be free

from excessive force."  Findings and Recommendation at 32.[1]

        4.      <u>Gallaher's liability under a ratification theory</u>

Next, defendants object to the Findings and Recommendation's conclusion that the

defendant City "is not entitled to summary judgment on plaintiff's fifth claim for relief, which is

grounded on [Police Chief] Gallaher's ratification of Sutton's conduct with respect to both the

detention and the use of force."  Findings and Recommendation at 35.  The Findings and

Recommendation concluded that Gallaher is a policymaker for the City on police matters, and

his ratification of Sutton's conduct "is sufficient to make the City liable on the basis of a

municipal policy." *Id*.

Defendants object, arguing that plaintiff failed to establish "any genuine issue of material

fact with regard to Chief Gallaher's 'deliberate indifference' merely because his review of Officer

Sutton's report and his knowledge that plaintiff was subsequently convicted by a jury of resisting

her arrest and in his experience as an officer, the amount of force used was reasonable to

overcome a resisting arrestee in his opinion."  Defts.' Objections at 17.

---

[1]

    The Findings and Recommendation further concluded that "[o]n the facts of this case, if Ms. Ashley's version of the facts is believed, defendants have not carried their burden." *Id*. Defendants object to this.  It is true that the plaintiff, not the defendant, "bears the burden of showing that the right at issue was clearly established under [*Saucier's*] second prong."  *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002) (citing *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993)).  This court construes the burden to which the Findings and Recommendation referred as defendants' burden to establish the absence of material fact in support of its summary judgment argument.  If the Findings and Recommendation misinterpreted where the burdens for *Saucier's* prongs fall (*see, e.g.,* Findings and Recommendation at 30), such an error fails to alter the Findings and Recommendation's otherwise correct conclusions.

However, this is an inaccurate portrayal of the evidence plaintiff presented.  Plaintiff has alleged that Sutton's actions were endorsed and approved by the Chief of Police, an official policymaker.  Complaint, ¶¶ 42, 43.  The Findings and Recommendation reviewed the relevant evidence and the applicable law:

> The Declaration submitted by Gallaher states, "The amount of force used by Officer Sutton was at all times directed at overcoming Mrs. Ashley's resistance to her arrest."  Gallaher Declaration ¶ 6.
>
> A police chief may be liable in his official capacity for the unconstitutional conduct of another if he acquiesces in that conduct.  *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).  Gallaher's ratification and approval of Sutton's use of force against Ashley is fatal to his motion for summary judgment.  *Id.*  If a jury finds that Sutton used excessive force, then it could also find Gallaher liable because he condoned or ratified that use of force.  *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998).

Findings and Recommendation at 29.

This analysis is correct.  A municipality also can be liable for an isolated constitutional violation if the final policymaker "ratified" a subordinate's actions and, ordinarily, ratification is a question for the jury.  *Christie v. Iopa*, 176 F.3d 1231, 1238-39 (9th Cir. 1999) (citing *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995)).  The Findings and Recommendation concluded correctly that plaintiff established that there is a genuine issue of material fact regarding whether a ratification occurred.

///

5.    Battery claim

Defendants' final objection is that the Findings and Recommendation erred in refusing to recommend granting Officer Sutton's Motion for Summary Judgment on plaintiff's battery claim because the "undisputed facts in this case show a minimum amount of force used to effect the plaintiff's arrest and overcome her resistance of [*sic*] which she was convicted of a crime." Defts.' Objections at 18.

Defendants' assertion that it is "undisputed" that Officer Sutton used a "minimum amount of force" is inaccurate, and insufficient to support their motion for summary judgment on the battery claim. The Findings and Recommendation concluded correctly that there was a jury question as to that claim.

**CONCLUSION**

The Magistrate Judge's Findings and Recommendation [46] is adopted. Plaintiff's Motion for Partial Summary Judgment [17] is denied, and defendant's Motion for Summary Judgment [21] is granted in part and denied in part, as follows: plaintiff's wrongful arrest claim (claim two) is dismissed; claims three and four against the City are dismissed; and all other motions for summary judgment on plaintiff's excessive force and battery claims, and on the qualified immunity defense, are denied.

IT IS SO ORDERED.

DATED this __26__ day of June, 2007.

　__/s/ Ancer L. Haggerty____
　　　　Ancer L. Haggerty
　　　　United States District Judge